1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,              )   Case No.: 1:22-cr-00110 JLT SKO
                                             )
12            Plaintiff,                     )   ORDER DENYING DEFENDANT'S MOTION
                                             )   FOR COMPASSIONATE RELEASE PURSUANT
13        v.                                 )   TO 18 U.S.C. § 3582(c)(2)
                                             )
14    OSCAR ARTURO SALOMON PEREZ,            )
                                             )   (Doc. 43)
15            Defendant.                      )
                                             )
16    _____ )

17            Oscar Arturo Salomon Perez is a federal prisoner moving for compassionate release under 18

18    U.S.C. § 3582(c)(2) and the recent retroactive amendments to the U.S. Sentencing Guidelines

19    ("Amendment 821"). (*See generally* Doc. 43.) The Government opposes the motion, contending that

20    Defendant is ineligible for a sentence reduction because he was assigned 5 criminal history points and

21    no status points. (Doc. 47.) Defendant did not file a reply. For the reasons set forth below, the motion

22    is **DENIED**.

23    **I.       Analysis**

24            On January 23, 2023, pursuant to a written plea agreement, Defendant pled guilty to

25    distribution of Fentanyl and P-Fluorofentanyl, in violation of 21 U.S.C. § 841(a)(1). (Docs. 32, 33.)

26    Following Defendant's guilty plea, a presentence investigation report was prepared by the probation

27    officer, which indicated a total offense level of 26 and a criminal history score of 5, based on

28    Defendant's prior criminal convictions. (*See* Doc. 35, PSR ¶¶ 34, 40-47.) No status points were

assigned. (*See* PSR ¶¶ 47-48.) According to the sentencing table at U.S.S.G. Chapter 5, Part A, Defendant's criminal history score placed him in criminal history category III. (PSR ¶ 65.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 78 to 97 months. (PSR ¶ 90.) However, the probation officer noted Defendant's eligibility for "safety valve" relief under the First Step Act and advised the Court of the option to consider a two-level downward variance. (PSR ¶¶ 112-114.)

The Court held a sentencing hearing on May 8, 2023 and imposed a below-guideline sentence of 63 months followed by a 24-month term of supervised release. (Doc. 41; Doc. 42 at 2-3.) Defendant now asks the Court to reduce his sentence under Part A and Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing Guidelines. (*See* Doc. 43.) Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. Part B provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1.

As indicated in the PSR, Defendant's prior criminal convictions resulted in a subtotal criminal history score of 5. (PSR ¶ 63.) Because § 4C1.1 provides for a sentence reduction only for those with no criminal history points, Defendant does not qualify for an offense level reduction under this provision. Also, the Court did not assign any "status points" under the former U.S.S.G. § 4A1.1, (*see* PSR ¶¶ 63-64), for being under a criminal justice sentence at the time of the offense. Thus, Defendant is also not entitled to a status point adjustment. In sum, Amendment 821 does not impact Defendant's sentencing guideline range, and therefore, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827. Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 43), is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 3, 2024**

UNITED STATES DISTRICT JUDGE

2